UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH V. VINUYA, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>AFFINIA DEFAULT SERVICES, LLC, *et al.*,<br><br>              Defendants. | Case No. 21-cv-01839-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING SLS'S UNOPPOSED MOTION TO DISMISS (ECF No. 3); AND**<br><br>**(2) TO SHOW CAUSE** |

Pending before the Court is Defendant Specialized Loan Servicing, LLC ("SLS")'s motion to dismiss Plaintiffs' Complaint. (Compl., ECF No. 1; Def.'s Mot. Dismiss ("Mot."), ECF No. 3.) Because Plaintiffs do not oppose SLS's motion, the Court grants the motion and dismisses Plaintiffs' claims against SLS without prejudice. In addition, the Court orders Plaintiffs to show cause why their claims against Defendant Affinia Default Services, LLC ("ADS") should not be dismissed for failure to prosecute.

//
//
//

- 1 -

## I.   BACKGROUND

Plaintiffs Joseph V. Vinuya and Magdalena B. Dotimas filed the present action against Defendants Affinia Default Services, LLC, and Specialized Loan Servicing, LLC in the Superior Court of California, raising the following allegations. (Notice of Removal ¶ 1, ECF No. 1; ECF No. 1-2 at 24.) Vinuya and Dotimas reside at 5956 Vista San Guadalupe, San Diego, CA 92154 ("the Property"). (Compl. ¶ 1, ECF No. 1-2 at 13.) The Property is Plaintiffs' principal residence and home. (*Id.*)

On or around January 26, 2006, Ownit Mortgage Solutions, Inc. loaned Plaintiffs $131,000, secured against Plaintiffs' real property. (Compl. ¶ 12.) The loan was secured against the Property through a second position Deed of Trust. (*Id.*) The Deed of Trust named Chicago Title Company as the trustee. (*Id.*) In 2008, Plaintiffs began to fall behind on the mortgage payments and proposed to the servicer a modification of the loan but did not get a response. (*Id.* ¶¶ 13–14.) Plaintiffs believed that the loan had been charged off. (*Id.* ¶ 15.)

The trustee, Chicago Title Company, assigned, transferred, or sold its rights as the trustee under the Deed of Trust to Defendant ADS. (*Id.*) Plaintiffs did not receive notice of this change. (*Id.*) Defendant SLS is the servicer of the loan. On or around June 28, 2021, ADS, on behalf of SLS, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") on the Property. (*Id.* ¶ 16.) The Notice of Default claimed the amount due on the loan was $156,351.76. (Ex. B. to Compl., ECF No. 1-2 at 37.) On October 18, 2021, ADS recorded a Notice of Trustee's Sale on the Property, providing that the sale would take place on November 15, 2021, at 10:00 a.m. (Dotimas Decl. ¶ 9, ECF No. 4-3; *id.* Ex. C.) Plaintiffs moved for a temporary restraining order or preliminary injunction to enjoin the sale. (ECF No. 4.) The Court denied Plaintiffs' request after holding a hearing, which was not attended by Plaintiffs nor their counsel. (ECF No. 9).

Plaintiffs sued Defendants, raising claims under the Truth in Landing Act, 15 U.S.C. § 1601 *et seq.*; federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692; California

Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; promissory estoppel; wrongful foreclosure; negligent misrepresentation; California Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200 *et seq.*; and Section 2924.17 of the California Civil Code. (Compl, ECF No. 1.) Defendant SLS removed the action to federal court and moved to dismiss the Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Notice of Removal, ECF No. 1; Mot., ECF No. 3.) Plaintiffs have not opposed the motion. The motion is suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II. SLS'S MOTION TO DISMISS

Under this district's local rules, a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date. Civ. L.R. 7.1(e)(2). The lack of an opposition to a motion "may constitute a consent to the granting of a motion or other request for ruling by the court." *See* Civ. L.R. 7.1(f)(3)(c). The Ninth Circuit has held that a district court may properly grant a motion to dismiss for the plaintiff's failure to file timely opposition papers where the plaintiff had notice of the motion and ample time to respond. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam); *see also Carrea v. Cate*, No. 08CV2295 WQH BLM, 2009 WL 2382533, at *3 n.3 (S.D. Cal. July 30, 2009).

Here, SLS's motion to dismiss had a noticed hearing date of December 6, 2021, and Plaintiffs' deadline to oppose the motion was November 22, 2021. More than sixty days have passed after the deadline, yet no opposition has been filed. The record does not indicate that Plaintiff lacks notice of Defendants' motion to dismiss. Because Plaintiff was made aware of the motion and had ample time to respond to it, the Court deems Plaintiff's failure to oppose Defendant's motion as consent to granting it. Civ. L.R. 7.1(f)(3)(c). In addition, the Court's own review of the record supports granting SLS's motion to dismiss.

//
//

## III. ORDER TO SHOW CAUSE

Under Rule 81 of the Federal Rules of Civil Procedure, after removal to federal court, a defendant who has not answered before removal "must answer or present other defenses or objections under these rules" within the following timeframe, whichever is longer:

(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c).

The Notice of Removal was filed with this Court on October 29, 2021. The state court's register of actions, attached to the Notice of Removal, indicates that proof of service of process on ADS was filed on October 28, 2021. (ECF No. 1-3 at 2.) The register of actions does not indicate that ADS answered Plaintiffs' Complaint before removal. (*Id.*) After removal, ADS has not responded to the Complaint or otherwise defended themselves in this action. Thus, the Court will order Plaintiffs to show cause as to why their claims against ADS should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant SLS's motion to dismiss as unopposed. (ECF No. 3.) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims against SLS.

In addition, the Court **ORDERS** Plaintiffs **TO SHOW CAUSE, on or before February 14, 2022,** why their claims against the remaining Defendant, ADS, should not be dismissed for Plaintiffs' failure to prosecute this action. Plaintiffs may adequately show

cause by requesting entry of default as to Defendant ADS or by establishing good cause for an extension of time to do so.

**IT IS SO ORDERED.**

DATED: January 24, 2022

Hon. Cynthia Bashant
United States District Judge